# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA L. ROSEBERRY-ANDREWS, *Plaintiff*, v. DEPARTMENT OF HOMELAND SECURITY, *Defendant*. | Civil Action No. 16-63 (TJK) |

## MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, Plaintiff Cynthia Roseberry-Andrews, proceeding *pro se*, seeks information from the Department of Homeland Security ("DHS" or "Defendant") regarding her employment there. After DHS produced responsive documents and provided her a *Vaughn* index, the parties cross-moved for summary judgment. Although the Court agreed with Defendant on a number of points, it denied Defendant's motion in part, on the grounds that it had failed to (1) demonstrate that it had conducted an adequate search or (2) explain whether it had withheld any information it deemed non-segregable. Accordingly, the Court also reserved judgment on Roseberry-Andrews' motion on these issues. The Court ordered DHS to submit a renewed motion for summary judgment to address these deficiencies, and that renewed motion is now ripe. *See* ECF No. 30 ("2d Mot."); ECF No. 30-1 ("Def.'s Br."); ECF No. 30-2 ("Def.'s SoMF"); ECF No. 30-3 ("Supp. Pavlik-Keenan Decl."); ECF No. 31 ("Pl.'s Opp."); ECF No. 32 ("Def.'s Reply"). For the reasons described below, the Court will grant Defendant's renewed motion in its entirety and deny Roseberry-Andrews' motion.

# I. Background

## A. Factual and Procedural Background

The Court assumes familiarity with the procedural and factual background of this case, which is laid out in its prior opinion. *See Roseberry-Andrews v. DHS*, 299 F. Supp. 3d 9 (D.D.C. 2018). In her FOIA request, Roseberry-Andrews sought information about her employment with DHS from eight offices, and in some cases, from certain individuals within those offices: (1) the Office of the Principal Legal Advisor ("OPLA"); (2) the U.S. Immigration and Customs Enforcement ("ICE") FOIA Office, including employees Catrina Pavlik-Keenan, Fernando Pineiro, Ruthlee Gowins, Todd Fuss, and Bradley White; (3) the ICE Privacy Office; (4) "HR [Human Resources]"; (5) Equal Employment Opportunity ("EEO"); (6) "Reasonable Accommodation[]"; (7) the Office of Employee and Labor Relations ("ELR"), including employee Joel Alexander; and (8) the Office of the Assistant Secretary ("OAS"). ECF No. 1, Ex. 1 at 8.

In support of its first motion for summary judgment, ECF No. 22 ("First Motion"), Defendant submitted a declaration from Pineiro, the Deputy FOIA Officer at ICE, describing the searches undertaken by Defendant. *See* ECF No. 22-3 ("Pineiro Decl."). Defendant searched seven offices for documents responsive to Roseberry-Andrews' request. Pineiro Decl. ¶ 24. Those offices included five that Roseberry-Andrews had identified (OPLA, ICE FOIA, Privacy, ELR, and OAS), and two that she had not (the Office of Diversity and Civil Rights ("ODCR") and the Office of the Chief Information Officer ("OCIO")). *Id.* Pineiro's declaration also identified the search terms that five of the seven offices had used. Pineiro Decl. ¶¶ 33-35, 37-38. Those offices generally searched for Roseberry-Andrews' name (*e.g.*, *id.* ¶ 37) or the names of the ICE FOIA employees identified in the complaint (*e.g.*, *id.* ¶¶ 35, 38).

Defendant produced 1,826 pages to Roseberry-Andrews. ECF No. 22-1 at 10. Defendant withheld 601 of these pages in full, and partially redacted another 867 pages, pursuant to multiple FOIA exemptions. *Id.*; *see also* ECF No. 22-4 ("Tyrrell Decl.") ¶¶ 21-42 & Ex. G ("*Vaughn* Index"). Roseberry-Andrews provided Defendant with a list of redactions and other withholdings she did not dispute; those withholdings were subsequently not included on Defendant's *Vaughn* index. ECF No. 22-1 at 10. In conjunction with its First Motion, Defendant submitted a declaration from the Associate Director for FOIA Appeals and Litigation at DHS confirming that he had "reviewed each record line-by-line to identify information exempt from disclosure," and that any records released in part were "correctly segregated and non-exempt portions were released." Tyrrell Decl. ¶¶ 44-45.

The Court granted the First Motion in part and denied it in part. The Court agreed with Defendant that Roseberry-Andrews could not prevail on her claim that DHS improperly delayed in responding to her request. *Roseberry-Andrews*, 299 F. Supp. 3d at 20-22. The Court also agreed that Defendant's withholdings, on the record before it, were proper under FOIA. *Id.* at 25-33. But it denied the First Motion as to two discrete issues.

First, the Court concluded, for a number of reasons, that Defendant had not sufficiently demonstrated that it conducted an adequate search. *Id.* at 23. The Court found that Defendant had failed to "provide[] an adequate explanation for the offices it searched" because it did not appear to have looked for records in three of the offices that Roseberry-Andrews identified: EEO, Reasonable Accommodation, and Human Resources. *Id.* The Court noted that "it [was] . . . possible that these offices were in fact searched as subcomponents of the other program offices," *id.*, but that it could not "fill in these gaps for the agency," *id.* (quoting *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 154 (D.D.C. 2013)). This uncertainty in the record

called into question the adequacy of Pineiro's declaration as to whether all offices (and files) likely to have responsive records were searched. *Roseberry-Andrews*, 299 F. Supp. 3d at 23 (citing *Reporters Comm. for Freedom of Press v. FBI* ("*RCFP*"), 877 F.3d 399, 402 (D.C. Cir. 2017)).

For the offices DHS did search, the Court also concluded that there were some deficiencies in either its methodology, or its representations about that methodology. *Id.* at 24-25. Specifically, Defendant failed to identify the search terms that two of the offices (ELR and OAS) had used. *Id.* at 24. Moreover, the Court noted that Defendant appeared to have employed "inconsistent" search methodologies. *Id.* at 24-25. Some offices searched for Roseberry-Andrews' name, while others searched for the names of ICE FOIA employees identified in her FOIA request. *Id.* The Court observed that while "[t]here may well be a good explanation for these inconsistent search methodologies . . . Defendant [did] not provide it." *Id.* at 25.

Second, the Court declined to grant summary judgment for Defendant on the issue of whether DHS complied with FOIA's segregability requirement because it was "unclear on the record before the Court whether Defendant [had] withheld any information on the grounds that it was non-segregable (and, if so, what explanation it would offer to justify such withholdings)." *Id.* at 34.

The Court ordered Defendant to submit a renewed motion for summary judgment within 60 days that explained "how it conducted an adequate search—whether by conducting additional searches or providing additional information about the searches already conducted" and that set forth "whether it withheld any non-segregable information and why." *Id.* The Court also reserved judgment in part on Roseberry-Andrews' motion for summary judgment on the two issues described above. *Id.*

4

### B. Defendant's Renewed Motion for Summary Judgment

On May 14, 2018, Defendant filed its renewed motion for summary judgment (the "Renewed Motion"). 2d Mot. Defendant also submitted a supplemental declaration from Pavlik-Keenan, ICE's FOIA Officer. *See* Supp. Pavlik-Keenan Decl.

As to the adequacy of the search, Defendant explained in the Renewed Motion that the three offices identified by Roseberry-Andrews that were not discussed in its First Motion—EEO, Reasonable Accommodation, and Human Resources—had been searched. EEO and Reasonable Accommodation are both sub-offices located within the Office of Diversity and Civil Rights, an office that Defendant identified in the First Motion. Def.'s Br. at 2; Def.'s SoMF ¶¶ 2-8. According to Pavlik-Keenan's supplemental declaration, an EEO employee searched the office's "iComplaint" database, her email account, and her computer files using Roseberry-Andrews' name to locate responsive records. Def.'s Br. at 2; Def.'s SoMF ¶¶ 4-6. As for Reasonable Accommodation, an employee searched the office's paper central file system, its internal shared computer drive, and its e-mail inbox using Roseberry-Andrews' name and the name of the applicable case manager. Def.'s Br. at 2; Def.'s SoMF ¶ 8; Pineiro Decl. ¶ 33. Similarly, Defendant explained that ELR is a sub-office of the Office of Human Capital ("OHC"), which is the "equivalent to what is termed 'Human Resources' in other workplaces." Def.'s Br. at 2-3; Def.'s SoMF ¶¶ 9-10. Defendant tasked a Human Resources Specialist in ELR to search "all files likely to contain responsive records in OHC" using Roseberry-Andrews' first and last names, and social security number. Def.'s Br. at 3; SoMF ¶ 11. As for the scope of the search more generally, Pavlik-Keenan's supplemental affidavit clarifies that it is the practice of the ICE FOIA Office to "identif[y] the program office(s) reasonably likely to possess responsive records," and, in this case, she avers, "[t]hose program office(s) . . . searched all files likely to

contain responsive records pertaining to Plaintiff's FOIA request." Supp. Pavlik-Keenan Decl. ¶ 6.

In addition, Pavlik-Keenan's supplemental declaration also supplies the search terms that ELR and OAS used. ELR searched for Roseberry-Andrews' first and last names, and social security number. *Id.* ¶ 16. Similarly, OAS tasked certain officials to search for responsive files. *Id.* ¶ 20. Those employees "searched all files likely to contain responsive material" for Roseberry-Andrews' first and last names. *Id.*

The supplemental declaration also explains that the search terms the offices used were not materially inconsistent. According to Pavlik-Keenan, all the offices identified in Roseberry-Andrews' FOIA request were searched using her first and last names. Def.'s SoMF ¶ 15; Supp. Pavlik-Keenan Decl. ¶ 22. In addition, Defendant made efforts to search the files of the ICE FOIA employees identified in Roseberry-Andrews' FOIA request. For two of the employees who had left the agency, the ICE FOIA Office had the Office of Chief Information Officer search archived emails for their names. Supp. Pavlik-Keenan Decl. ¶ 23. Agency counsel subsequently narrowed these results by applying Roseberry-Andrews' first and last names. *Id.* The ICE FOIA employees identified in the FOIA request who were still at the agency were instructed to search their desktop computers and individual email accounts using Roseberry-Andrews' first and last names. *Id.* ¶ 24.

As for the segregability issue, Defendant clarified in the Renewed Motion that it "did not withhold any information as 'nonsegregable.'" Def.'s Br. at 5. It explained that it had "applied redactions to withhold only the specific information from each page over which an exemption applied." *Id.* Moreover, Defendant explained that it had withheld only five pages in full that were challenged by Roseberry-Andrews and included on its *Vaughn* Index as a result. *Id.*; SoMF

6

¶ 21. These documents—drafts of communications from the Principal Deputy Assistant Secretary of ICE to Roseberry-Andrews which contained proposed edits—were withheld pursuant to the deliberative process privilege. SoMF ¶¶ 21, 22.

In response to the Renewed Motion, Roseberry-Andrews filed an opposition. *See* Pl.'s Opp. She continued to maintain that Defendant failed to conduct an adequate search and did not release all segregable information to her. *Id.* at 2. She also rehashed a number of the arguments that the Court already rejected in its prior opinion, such as those concerning Defendant's alleged failure to timely respond to her FOIA request and its invocation of certain FOIA exemptions. *Id.* at 3-4; *see Roseberry-Andrews*, 299 F. Supp. 3d at 21, 25-33 (addressing these arguments).

## II.     Legal Standard

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). "Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016). "The evidence presented must show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "Where the nonmoving party is proceeding *pro se*, courts in this jurisdiction will construe the non-moving party's filings liberally." *Cunningham v. DOJ*, 40 F. Supp. 3d 71, 82 (D.D.C. 2014), *aff'd*, No. 14-5112, 2014 WL 5838164 (D.C. Cir. Oct. 21, 2014). "However, a *pro se* litigant still has the burden of establishing more than '[t]he mere existence of a scintilla of evidence' in support of [her] position." *Id.* (first alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

"In the FOIA context, a district court reviewing a motion for summary judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA." *MacLeod v. DHS*, No. 15-cv-1792, 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017) (citing 5 U.S.C. § 552(a)(4)(B)). Indeed, "consistent with D.C. Circuit precedent," judges in this Circuit have "proceeded to review the agencies' facts and evidence to determine whether summary judgment in favor of the agency defendants is warranted despite the lack of a coherent opposition from the plaintiff." *MacLeod*, 2017 WL 4220398, at *8. "[T]he Court may . . . treat the Department's factual proffers as conceded, but it must address the Department's legal arguments on their merits." *King v. DOJ*, 245 F. Supp. 3d 153, 158 (D.D.C. 2017) (citing *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016)), *reconsideration denied*, 2017 WL 5449803 (D.D.C. Nov. 10, 2017).

"To prevail on summary judgment [in a FOIA case], an 'agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested,' which it can do by submitting '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *RCFP*, 877 F.3d at 402 (second alteration in original) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "The agency fails to meet this burden such that summary judgment is inappropriate when the agency fails to set forth the search terms and the type of search performed with specificity or otherwise provides 'no information about the search strategies of the [agency] components charged with responding to [a] FOIA request'" and "no indication of what each [component's] search specifically yielded." *Evans v. Fed. Bureau of*

*Prisons*, No. 16-cv-2274, 2018 WL 707427, at *2 (D.D.C. Feb. 5, 2018) (quoting *RCFP*, 877 F.3d at 402 (alterations in original)) (internal quotation marks omitted). "At a bare minimum, the agency's affidavits need to specify 'what records were searched, by whom, and through what process.'" *Rodriguez v. DOD*, 236 F. Supp. 3d 26, 38 (D.D.C. 2017) (quoting *Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994)).

FOIA also requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). The court has an affirmative duty to ensure that this requirement is satisfied, even if it must do so *sua sponte*. *Morley v. CIA*, 508 F.3d 1108, 1123 (D.C. Cir. 2007). "In order to demonstrate that all reasonably segregable material has been released, the agency must provide a 'detailed justification' for its non-segregability." *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)). An agency can do so by "(1) providing a *Vaughn* index that adequately describes each withheld document and the exemption under which it was withheld; and (2) submitting a declaration attesting that the agency released all segregable material." *Judicial Watch, Inc. v. DOJ*, 20 F. Supp. 3d 260, 277 (D.D.C. 2014) (citing *Loving v. DOD*, 550 F.3d 32, 41 (D.C. Cir. 2008); *Johnson*, 310 F.3d at 776). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," but "[i]f the requester successfully rebuts this presumption, the burden lies with the government to demonstrate that no segregable, nonexempt portions were withheld." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

### III. Analysis

The Court will evaluate in turn whether, in light of the additional information provided, Defendant (1) conducted an adequate search and (2) complied with FOIA's segregability

9

requirement. On both issues, the Court concludes that Defendant has now met its burden under FOIA and is entitled to summary judgment.

### A. Adequacy of Defendant's Search

The Court concludes that on the record as supplemented, Defendant is entitled to summary judgment as to the adequacy of its search.

Defendant's Renewed Motion explains that it did in fact search the three offices identified by Roseberry-Andrews that were not mentioned in its First Motion—EEO, Reasonable Accommodation, and Human Resources—because those offices are part of other offices that were searched. Specifically, EEO and Reasonable Accommodation are part of ODCR. Def.'s Br. at 2; Def.'s SoMF ¶¶ 2-8. And both EEO and Reasonable Accommodation were instructed to search for potentially responsive records. Def.'s Br. at 2; Def.'s SoMF ¶¶ 4-6; 8; Pineiro Decl. ¶ 33. Similarly, ELR is a sub-office of Defendant's equivalent of human resources, OHC. Def.'s Br. at 2-3; Def.'s SoMF ¶¶ 9-10. Defendant had an ELR employee search "all files likely to contain responsive records in OHC" using Roseberry-Andrews' first and last names, and social security number. Def.'s Br. at 3; Def.'s SoMF ¶ 11. Thus, this search would have identified potentially responsive records located in both OHC and its sub-office ELR. In short, these three offices "were in fact searched as subcomponents of the other program offices," *Roseberry-Andrews*, 299 F. Supp. 3d at 23. Defendant, therefore, searched all the offices that Roseberry-Andrews identified.

In its opinion ruling on Defendant's First Motion, the Court also noted that, especially in light of the uncertainty concerning whether all the offices identified by Roseberry-Andrews were searched, the Pineiro Declaration appeared "deficient insofar as it [did] not 'aver[] that all files likely to contain responsive materials (if such records exist) were searched.'" *Roseberry-Andrews*, 299 F. Supp. 3d at 23 (second alteration in original) (quoting *RCFP*, 877 F.3d at 402).

In addition to clarifying that DHS did in fact search all the offices identified by Roseberry-Andrews, Pavlik-Keenan's supplemental declaration also states that it is the practice of the ICE FOIA Office to "identif[y] the program office(s) reasonably likely to possess responsive records." Supp. Pavlik-Keenan Decl. ¶ 6. Moreover, she asserts that in this case, with regard to the seven offices so identified, "[t]hose program office(s) . . . searched all files likely to contain responsive records pertaining to Plaintiff's FOIA request." *Id.* The Court concludes that the entire record, as supplemented, is sufficient to meet Defendant's burden of demonstrating that the search was adequate in this regard.

The Court also concludes that the search terms used by DHS were adequate. Pavlik-Keenan's supplemental declaration supplies the search terms that were used by OAS and ELR, which were not included in Defendant's First Motion. Supp. Pavlik-Keenan Decl. ¶¶ 16, 20. Moreover, her supplemental declaration also explains how the searches that the various offices conducted were, in fact, materially consistent. All the offices searched for Roseberry-Andrews' name. Pineiro Decl. ¶¶ 32-38; Supp. Pavlik-Keenan Decl. ¶¶ 11, 16, 20, 22-24. To be sure, some offices used additional search terms. The Reasonable Accommodation sub-office, for instance, searched for the name of Roseberry-Andrews' case manager. Pineiro Decl. ¶ 33. But these minor variations do not change the fact that all the offices (or equivalents thereof) Roseberry-Andrews identified were consistent in using her name as a search term. Additionally, as the supplemental Pavlik-Keenan declaration sets forth, the searches involving the ICE FOIA Office employees identified in Roseberry-Andrews' FOIA request also used her name to search for responsive records. The employees who were still employed at the agency searched their files for Roseberry-Andrews' first and last names. Supp. Pavlik-Keenan Decl. ¶ 24. And Defendant had OCIO search the archived emails of the employees who had left the agency for

the names of those employees, and then had agency counsel filter those results using Roseberry-Andrews' first and last names. *See id.* ¶ 23. In short, Roseberry-Andrews' name was, quite reasonably, the primary term used across all these searches.

In her opposition, Roseberry-Andrews asserts that Defendant failed to prove that its search was "properly tailored to locate all responsive records." Pl.'s Opp. at 2. But she does not identify any reason that the offices Defendant searched or the terms it used were inadequate. She also suggests that Defendant's search was inadequate because it failed to turn up information regarding certain EEO investigations, as well as an internal complaint. *Id.* at 3. However, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). And in this case, there is no doubt that Defendant conducted a reasonable search for those types of documents. In the EEO sub-office, for instance, a program manager searched, among other places, the "iComplaint" database, which contains "all records relating to an individual's EEO process." Supp. Pavlik-Keenan Decl. ¶ 11. Finally, Roseberry-Andrews also notes that her FOIA request stated that it was "not meant to be exclusive of any other records, which, though not specifically requested, would have a reasonable relationship to the subject matter of this request." Pl.'s Opp. at 3; *see also* ECF No. 1, Ex. 1 at 8. Yet "the agency's search for records need not be exhaustive, but merely reasonable." *Bigwood v. DOD*, 132 F. Supp. 3d 124, 135 (D.D.C. 2015) (quoting *Oglesby*, 920 F.2d at 68). The record here demonstrates that Defendant "made a good faith effort to conduct a search for the requested records." *RCFP*, 877 F.3d at 402 (quoting *Oglesby*, 920 F.2d at 68).

### B. Segregability

Turning to FOIA's segregability requirement, the Court concludes that Defendant has met its burden, and it is entitled to summary judgment on this issue as well.

In its Renewed Motion, Defendant clarifies that it "did not withhold any information as 'nonsegregable.'" Def.'s Br. at 5. As such, it maintains that "[f]or each of the exemptions claimed, Defendant applied redactions to withhold only the specific information from each page over which an exemption applied." *Id.* In response, Roseberry-Andrews baldly asserts that "Defendant did not release all segregable information to Plaintiff." Pl.'s Opp. at 2.

The Court concludes Defendant has satisfied FOIA's segregability requirement. As an initial matter, DHS met its threshold obligation by providing a *Vaughn* index and a pair of declarations explaining that it released all segregable material. *Judicial Watch*, 20 F. Supp. 3d at 277; *see Vaughn* Index; Tyrrell Decl. ¶¶ 44-45; Supp. Pavlik-Keenan Decl. ¶¶ 26-28. A further analysis of these documents only reaffirms that Defendant has met its segregability burden. As Defendant clarified, Roseberry-Andrews ultimately challenged only five pages of Defendant's production that had been withheld from her in full. Def.'s Br. at 5; Supp. Pavlik-Keenan Decl. ¶ 27. These withheld documents were "drafts of non-final communications from the Principal Deputy Assistant Secretary of ICE to be sent to Plaintiff in response to her correspondence to ICE relating to her employment and her complaints regarding a hostile work environment." Supp. Pavlik-Keenan Decl. ¶ 27. They contained proposed edits and comments for discussion before the documents were finalized. *Id.* The Court already concluded that these documents were properly withheld pursuant to the deliberative process privilege because they were predecisional and deliberative as to how to the agency should respond to her. *See Roseberry-Andrews*, 299 F. Supp. 3d at 28-29. Thus, DHS has met its burden to "provide a 'detailed justification'" for withholding these documents in full. *Johnson*, 310 F.3d at 776 (quoting *Mead Data*, 566 F.2d at 251). And Roseberry-Andrews fails to provide a "quantum of evidence" to

rebut the presumption that Defendant satisfied FOIA's segregability requirement by withholding them. *Sussman*, 494 F.3d at 1117.

Similarly, Defendant has also met its burden to establish that the redactions it made to documents that were otherwise produced satisfy FOIA's segregability requirement. DHS withheld portions of documents pursuant to FOIA exemptions 5, 6, and 7. *See Roseberry-Andrews*, 299 F. Supp. 3d at 25-33. The Court previously held that these withholdings were proper, and it need not revisit this conclusion. *Id.* Roseberry-Andrews briefly takes issue with the Court's prior determination that Defendant properly invoked the attorney-client privilege, Pl.'s Op. at 4, but she is simply incorrect that an attorney-client relationship may not exist between government employees and their agency's counsel. *Roseberry-Andrews*, 299 F. Supp. 3d at 26-27. Therefore, Defendant has again provided a "detailed justification" for its withholdings, *Johnson*, 310 F.3d at 776 (quoting *Mead Data*, 566 F.2d at 251), and Roseberry-Andrews fails to provide a "quantum of evidence" to rebut the presumption that the requirement was satisfied, *Sussman*, 494 F.3d at 1117. Defendant is therefore entitled to summary judgment on the issue of segregability.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's renewed motion for summary judgment (ECF No. 30) and deny Roseberry-Andrews' motion for summary judgment (ECF No.

24) as to the adequacy of Defendant's search and its compliance with FOIA's segregability requirement. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 2, 2018